```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


MATTHEW MARK JORDAN,            :    C-1-04-0613
                                :    CR-1-02-156-2
     Petitioner,                :
                                :    UNITED STATES' RESPONSE TO
           v.                   :    PETITIONER'S MOTION UNDER
                                :    28 U.S.C. § 2255
UNITED STATES OF AMERICA,       :
                                :
     Respondent.                :    Senior J. Spiegel

         - - - - - - - - - - - - - - - - - - - - -
```

Now comes the United States which requests the Court reject the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence. Based on an examination of the change of plea and the sentencing transcripts, we believe the Petitioner's Motion may be rejected without a hearing.[1]

**MEMORANDUM**

In his motion, the Petitioner, Matthew Mark Jordan, asserts four grounds for relief. First, Jordan maintains that he was denied the effective assistance of counsel, asserting first that his counsel (a) failed to arrange a conference with the Assistant United States Attorney so that he could cooperate with the government; (b) failed to argue his objections to the quantity of drugs at issue; (c) failed to object to the fact that this Court considered the methamphetamine a Schedule III controlled

---

[1] We submit that, in compliance with this Court's Order of October 12, 2004, we have attached the case docket sheet and the transcripts for the Rule 44, Change of Plea, and Sentencing Proceedings to our Response which we served to the Petitioner.

substance; (d) failed to request that an EPA representative conduct an independent examination of the residence; (e) erroneously advised that the government had witnesses that could testify against him at trial; and (f) created a conflict of interest by representing the defendant and his co-defendant wife. Secondly, Jordan asserts that his conviction was the result of a coerced confession and guilty plea. Third, Jordan asserts that the government failed to disclose to this Court that he was offered an opportunity to earn a motion for a reduction in his sentence. Lastly, Jordan argues that he was never told he had the right to appeal his sentence. Each of Jordan's grounds for relief are without merit.

**I.   Jordan Was Not Denied The Effective Assistance Of Counsel.**

Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), an ineffective assistance of counsel claim has two primary components. First, the claimant must show "cause" or that his counsel's performance was deficient to the point that he was not acting in accordance with the guarantees of the Sixth Amendment. <u>Id.</u> Second, the claimant must show that he was "prejudiced" by his counsel's deficient performance. <u>Id.</u> This means that the claimant must show that his counsel's errors were so serious as to deprive him of a fair trial with a reliable result. <u>See id.</u> at 689. The proper measure of the attorney's performance is "reasonableness" under prevailing norms of the legal profession. <u>See id.</u> at 688. Furthermore, when reviewing a claim of ineffective assistance of counsel, there is a presumption that

counsel's performance was reasonably within the wide range of professional assistance.  Id. at 689.

In this case, Jordan pled guilty to conspiracy to possess with intent to distribute and to manufacture in excess of 5 grams of methamphetamine.  Nevertheless, defendants who have pled guilty can claim that a defense attorney's prior representation was ineffective.  United States v. Nagi, 90 F.3d 130, 135 (6th Cir. 1996).  This claim must still undergo the two-pronged test of Strickland.  See Hill v. Lockhart, 474 U.S. 52 (1985).  Further, in cases where the defendant who has pled guilty claims ineffective assistance, the prejudice prong of the Strickland test is heightened in that the defendant must show that *but for* his counsel's egregious errors he would not have pled guilty and would have insisted on going to trial.  See Nagi, 90 F.3d at 135 (emphasis added); Thomas v. Fultz, 818 F.2d 476, 480 (6th Cir. 1987).

Reviewing the record and transcript in this case, Jordan's Petition fails on its face to satisfy a claim of ineffective assistance of counsel under the Hill test.

Jordan's claims that his counsel failed to arrange a conference with the Assistant United States Attorney so that he could cooperate with the government, failed to object to the fact that the Court considered the methamphetamine a Schedule III controlled substance, and failed to request that an EPA representative conduct an independent examination of the residence, may be summarily rejected because Jordan cannot show

that *but for* the alleged errors he would not have pled guilty and insisted on going to trial.

While Jordan asserts that his counsel failed to object to the quantity of methamphetamine at issue, the record contradicts this assertion. At his sentencing hearing on November 13, 2003, Jordan's attorney, Paris Ellis, specifically objected to the amount of methamphetamine calculated in paragraph 32 of the United States Probation's Presentence Report. (Doc. 67: Sentencing Tr. at 3). Further, Ellis went on to indicate to this Court that he believed the amount of methamphetamine at issue was approximately 120 to 150 grams. (Doc. 67: Sentencing Tr. at 3). Therefore, Jordan's claim that Ellis failed to object to the amount of drugs in his case is without merit.

Next, Jordan asserts that Ellis erroneously advised that the government had witnesses that could testify against him at trial. This claim is incredible because commonsense would dictate that Ellis would have informed Jordan of the manner the government would more likely than not proceed with its case. Certainly, witnesses would be included in the trial.

Jordan's assertion that Ellis created a conflict of interest by representing him as well as his co-defendant wife is also without merit in light of the fact that this Court promptly held proceedings to address Ellis's joint representation as required under Federal Rule of Criminal Procedure 44 on March 26, 2003. (Doc. 38: Rule 44 Hearing Tr.). At that time, both Jordan and his co-defendant wife were advised by this Court of their rights

to effective counsel and separate representation. Indicating that they understood those rights, both Jordan and his wife stated that they wished to proceed with Ellis as their sole attorney. Moreover, Jordan responded that it was his desire, "unequivocally and unambiguously, to be represented by Mr. Ellis" in spite of Ellis also representing his wife. (See Doc. 38: Rule 44 Hearing Tr. at 12).

On June 18, 2003, this Court extensively inquired as to whether Jordan was knowingly and intelligently pleading guilty to the charge against him, including the exact elements of the count in question and the potential penalties. (Doc. 50: Change of Plea Tr.).[2] Under oath, Jordan answered affirmatively to all of the questions, indicating that he understood his plea agreement, the penalties, the rights he was waiving, etc. Furthermore, this Court asked whether Jordan had discussed with Ellis the possible defenses he may have in his case. (Doc. 50: Change of Plea Tr. at 8). Jordan again answered "yes." The Court asked whether Jordan was satisfied with Ellis's representation of him and Jordan responded in the affirmative. (Doc. 50: Change of Plea Tr. at 8). We note that Jordan was fully aware of his co-defendant's wife plea and sentence as they pled and were sentenced together. Jordan did not mention a problem with Ellis's joint representation at any time. In fact, we note Ellis

---

[2] We note that the cover page of Change of Plea Transcript indicates that the proceeding occurred on "February" 18, 2003. The proceeding actually occurred on "June" 18, 2003. Note the docket sheet at number 50.

was jointly retained by Jordan and his co-defendant wife. Accordingly, Jordan's ineffective assistance claim is patently without merit and should be rejected.

**II.  The Petitioner's Guilty Plea Was Not Coerced**.

Next, Jordan asserts that his guilty plea was coerced. The records shows that this claim is specious. During the change of plea hearing, this Court asked Jordan whether he understood that he was giving up certain rights if he pled guilty. Specifically, the Court stated:

> Now, do [] you understand that, by offering to plead guilty, you give up certain of your constitutional rights?  And these include the right to plead not guilty and to persist in such plea if it's already been made, the right to a trial by jury, the presumption of innocence, the right to confront and cross-examine witnesses against you, the right not to be compelled to incriminate yourself, and the right to require the United States to prove you guilty beyond a reasonable doubt.
>
> Now, do [] you understand, by offering to plead guilty, you give up each and every one of these rights? . . . .

(Doc. 50:  Change of Plea Tr. at 13).  Jordan answered "yes, sir."  (Doc. 50:  Change of Plea Tr. at 14).

The Court further stated:

> [Mr. Jordan], has any person, including an officer or agent of the government, put any pressure on you, mental or physical, to force you to plead guilty?

(Doc. 50:  Change of Plea Tr. at 20).  Jordan answered, "no, sir."  After hearing the averments of the facts of the case from Drug Enforcement Administration Special Agent Rex Smith, this

Court inquired whether Jordan was guilty of the charges. Jordan again answered in the affirmative. (Doc. 50: Change of Plea Tr. at 26). Accordingly, the record shows Jordan's plea was not coerced in any fashion and his third claim must fail.

**III. The Filing Of A Motion For The Reduction Of The Petitioner's Sentence Was In The Sole Discretion Of The U.S. Attorney And Petitioner Does Have A Right To Such A Filing.**

While Jordan claims that the government failed to disclose to the Court that he was offered an opportunity to earn a motion for a reduction in his sentence, the record shows that the government summarized his plea agreement to this Court on June 18, 2003. (Doc. 50: Change of Plea Tr. at 17-19). During its summarization, the government indicated that Jordan could possibly earn a motion for a reduction in his sentence, but such a filing was in the sole discretion of the government. (Doc. 50: Change of Plea Tr. at 18-19). Jordan indicated that he understood the plea agreement. (Change of Plea Tr. at 19).

**IV. Jordan's Claim That He Was Not Informed Of His Right To Appeal Flies In The Face Of Even This Court's Sentencing Proceeding.**

Finally, Jordan's claim that he was not informed of his right to appeal his case is also without merit. During the sentencing proceeding, this Court informed Jordan that he had the right to appeal his sentence. (Doc. 67: Sentencing Tr. at 8). This Court further stated that "if you're unable to pay the costs of an appeal, you've got a right to appeal to this Court for leave to appeal because you're without funds." (Doc. 50: Change of Plea Tr. at 8). This Court went on to advise Jordan that he

could request the clerk of court prepare and file an appeal forthwith within 10 days. (Doc. 50: Change of Plea Tr. at 8-9). Jordan indicated that he understood his appellate rights. (Doc. 50: Change of Plea Tr. at 9). His claim that he was never told he could appeal is thus without merit and should be rejected.

## CONCLUSION

As stated in the above memorandum, the claims asserted by Jordan in his § 2255 petition are without merit and should be rejected by this Court.

If this Court determined that Jordan's claim of ineffective assistance of counsel has merit, the United States requests a hearing on the matter for disclosure of Jordan's communication with his counsel regarding his plea. See United States ex rel. Richardson v. McMann, 408 F.2d 48, 53 (1969), vacated on other grounds, 397 U.S. 759 (1970) (opining that "[o]f course the exploration of these considerations virtually compels disclosure of what occurred between defendant and his counsel".) Accordingly, Jordan having alleged what was told him and what was not, has waived his privilege against disclosure and his counsel is free to disclose whatever took place between he and his client.

>Respectfully submitted,
>
>GREGORY G. LOCKHART
>United States Attorney
>
>s/Kenneth L. Parker
>KENNETH L. PARKER (0068805)
>Assistant United States Attorney
>221 East Fourth Street, Suite 400
>Cincinnati, Ohio  45202
>(513) 684-3711
>Fax:  (513) 684-2047
>Kenneth.Parker @usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "United States' Response To Petitioner's Motion Under 28 U.S.C. § 2255" was served this 8th day of December, 2004, on Matthew Mark Jordan, Petitioner, Prisoner No. 03665-061, USP Big Sandy Satellite Camp, P.O. Box 2068, Inez, Kentucky 41224.

>s/Kenneth L. Parker
>KENNETH L. PARKER (0068805)
>Assistant United States Attorney