```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:04-CV-00613 |
|  | : | NO. 1:02-CR-00156(2) |
|  | : |  |
| v. | : |  |
|  | : | **ORDER** |
|  | : |  |
| MATTHEW MARK JORDAN | : |  |
|  | : |  |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 78), the Response of the United States (doc. 100), and Petitioner's Reply (doc. 108). The Court held an evidentiary hearing on this matter on July 6, 2005, at which time it found none of the allegations supporting the Motion true, and at which time it orally indicated the Motion was denied. This Order follows to memorialize such decision.

Petitioner's motion challenges his November 18, 2003 sentence for conspiracy to manufacture with intent to distribute methamphetamines (doc. 78). Petitioner, who entered a plea of guilty on the charge, bases his motion on alleged grounds of ineffective assistance of counsel, conviction obtained by use of coerced confession, conviction obtained by "violation of the protection to disclose to the defendant evidence favorable to the defendant," and a denial of right to appeal (Id.).

On December 8, 2004, the United States responded to

Petitioner's Motion, arguing that each of Petitioner's grounds for relief are without merit (doc. 100). The government argues, citing Strickland v. Washington, 466 U.S. 668 (1984), that Petitioner's claim for ineffective assistance of counsel has no basis in law or in fact (Id.). The government further argues that Petitioner's claim that his guilty plea was coerced is specious, citing the transcript of Petitioner's change of plea hearing, where Petitioner denied he had been subjected to any mental or physical pressure to force him to plead guilty (Id.). As for Petitioner's third ground, the government argues he indicated at the change of plea hearing that he understood that the filing of a motion for reduction of his sentence was in the complete discretion of the government (Id.). Finally, the government argues Petitioner's claim that he was not advised of his right to appeal flies in the face of the Court's sentencing proceeding, where the transcript indicates Petitioner was advised by the Court of his appellate rights, and where Petitioner indicated he understood such rights (Id.).

At the July 26, 2005 hearing, Counsel for Defendant indicated that as the Court denied the same claims made by Karen Parker, Defendant's wife and co-Defendant, he understood that the hearing's purpose was to examine the conversations between Petitioner and his counsel regarding a downward departure. This Court had previously approved the dual representation of Defendant and Ms. Parker, by Paris Ellis, after a Fed. R. Civ. P. 44 hearing

on dual representation (doc. 39).  Essentially, Petitioner based his position on <u>United States v. Osborne</u>, in which the Sixth Circuit determined that a Fed. R. Civ. P. 44 hearing could be deficient, and thus remanded for a hearing if the facts in the record were not clear whether the defendant had been deprived of effective assistance of counsel due to a conflict of interest arising from dual representation. 402 F.3d 626 (6th Cir. 2005).

        The United States proffered the presentence investigation report in this matter and it showed that Mr. Ellis objected to the sentencing enhancements applicable to Petitioner before his sentencing.  The record shows, therefore, that there is no basis in fact for Petitioner's contention.  Mr. Ellis clearly sought a downward departure for his client, and nothing in the record indicates Petitioner was prejudiced by dual representation.  The government's position is well-taken that Petitioner was advised of his right to appeal, and there is no evidence of coercion in this matter.

        On the contrary, the record indicates Mr. Ellis represented Petitioner with the highest standard of representation.  Petitioner's motion appears to be full of boilerplate language that is not based on the facts or the record in this case.  The government's position is well-taken that Petitioner's motion lacks merit.  As a final matter, the Court notes on the record that the sentence imposed in this case, 70 months, is imposed by this court

regardless of the impact of the decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and that such sentence takes into account the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) and the penalties enumerated in 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Accordingly, the Court DENIES Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 78).

SO ORDERED.

Dated:   November 2, 2005    <u>/s/ S. Arthur Spiegel      </u>
                             S. Arthur Spiegel
                             United States Senior District Judge